UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| DANELE D. JOHNSON, | : Case No.  3:20-CV-99 |
| Plaintiff, | : Magistrate Judge Peter B. Silvain, Jr. |
| | : (by full consent of the parties) |
| vs. | : |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : |
| Defendant. | : |

**DECISION AND ENTRY**

Plaintiff Danele D. Johnson brings this case challenging the Social Security Administration's denial of her applications for period of disability, Disability Insurance Benefits, and Supplemental Security Income.  The case is before the Court upon Plaintiff's Statement of Errors (Doc. #15), the Commissioner's Memorandum in Opposition (Doc. #16), Plaintiff's Reply (Doc. #17), and the administrative record (Doc. #13).

**I.   Background**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements.  *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a).  The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff applied for benefits on August 1, 2016, alleging disability due to several impairments, including bipolar disorder, manic-depression, anxiety, and low sugar. (Doc. #13, *PageID* #257). After Plaintiff's applications were denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Stuart Adkins. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[1] He reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

Step 2: Plaintiff has the following severe impairments: degenerative joint disease of the bilateral knees, degenerative disc disease of the lumbar spine, obesity, bipolar disorder, posttraumatic stress disorder (PTSD), anxiety, and depression.

Step 3: Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Her residual functional capacity (RFC), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consisted of "light work … with lifting and carrying up to twenty pounds occasionally and ten pounds frequently. She is able to stand and/or walk for about six hours in an eight-hour workday and sit for about six hours in an eight-hour workday, but she would be permitted to alternate between sitting and standing every thirty minutes while at the workstation. She is limited to occasional pushing and pulling with the bilateral lower extremities, no climbing of ladders, ropes, or scaffolds, occasional climbing of ramps and stairs, no crawling, frequent balancing and stooping, and occasional kneeling and crouching. [Plaintiff] should avoid all exposure to unprotected heights, dangerous machinery, and commercial driving. She is able to perform simple, routine tasks, but not at a production rate pace. She is capable of occasional interaction with supervisors and coworkers with no

---

[1] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

|  |  |
|---|---|
|  | interaction with the general public and no jobs involving teamwork or tandem tasks. She is capable of tolerating occasional changes to a routine work setting defined as one to two per month." |
|  | Plaintiff is unable to perform her past relevant work as a deli worker. |
| Step 5: | Considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. |

(Doc. #13-2, *PageID* #s 55-70). Based on these findings, ALJ Adkins concluded that Plaintiff has not been under a benefits-qualifying disability since the alleged onset date. *Id.* at 71.

The evidence of record is adequately summarized in the ALJ's decision (Doc. # 13, *PageID* #s 55-70), Plaintiff's Statement of Errors (Doc. #15), and the Commissioner's Memorandum in Opposition (Doc. #16). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.     Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec*., 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

### III. Discussion

Plaintiff contends that ALJ Adkins erred in evaluating the mental health opinions of record and by formulating a residual functional capacity ("RFC") that omitted critical work-related limitations that were supported by the record. (Doc. #15, *PageID* #s 1091-96). In response, the Commissioner maintains that the ALJ provided "good reasons" for discounting these unsupported assessments and that his RFC formulation was supported by substantial evidence. (Doc. #16, *PageID* #s 1106-19).

#### A. Residual Functional Capacity

An individual's RFC "is the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). While medical source opinions are considered, the final responsibility for deciding the RFC is reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d); *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC."). As such, the ALJ bears the responsibility for assessing an individual's RFC based on all the relevant evidence, 20

C.F.R. § 404.1546(c), and must consider all of an individual's medically determinable impairments, both individually and in combination. *See* Soc. Sec. R. 96–8p, 1996 WL 374184, *7 (Soc. Sec. Admin. July 2, 1996).

In rendering the RFC determination, the ALJ need not discuss every piece of evidence considered. *See Conner v. Comm'r*, 658 F. App'x 248, 254 (6th Cir. 2016) (citing *Thacker v. Comm'r*, 99 F. App'x 661, 665 (6th Cir. 2004). However, the ALJ still has an obligation to consider all of the evidence before him and to meaningfully explain how the evidence supports each conclusion and limitation included in the RFC. *See Ryan v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 797, 803 (S.D. Ohio 2017) (Newman, M.J.), *report and recommendation adopted*, No. 3:16-CV-124, 2017 WL 3412107 (S.D. Ohio Aug. 8, 2017) (Rice, D.J.); Soc. Sec. R. 96-8p, 1996 WL 374184, *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts … and nonmedical evidence…"). Further, the ALJ may not simply ignore evidence that does not support his decision. *See e.g., Germany–Johnson v. Comm'r of Soc. Sec.*, 313 F. App'x 771, 777 (6th Cir. 2008) (finding error where the ALJ was "selective in parsing the various medical reports"); *Ackles v. Colvin*, No. 3:14CV00249, 2015 WL 1757474, at *6 (S.D. Ohio Apr. 17, 2015) (Ovington, M.J.), *report and recommendation adopted*, No. 3:14CV00249, 2015 WL 2142396 (S.D. Ohio May 6, 2015) (Rice, D.J.) ("The ALJ did not mention this objective evidence and erred by selectively including only the portions of the medical evidence that placed Plaintiff in a capable light.").

In this case, ALJ Adkins assigned "[g]reat weight" to the opinion of consultative psychologist Dr. Vicki Warren, finding that her opinion was "supported by the totality of the

5

medical evidence in the record[.]" (Doc. #13-2, *PageID* #66). Despite this endorsement, ALJ Adkins failed to incorporate a key aspect of Dr. Warren's opinion, specifically, that Plaintiff was "capable of superficial interaction but would work best in a solitude environment." (Doc. #13-3, *PageID* #146). Instead, ALJ Adkins formulated an RFC that found Plaintiff to be "capable of occasional interaction with supervisors and coworkers with no interaction with the general public and no jobs involving teamwork or tandem tasks." (Doc. #13-2, *PageID* #59). In other words, ALJ Adkins restricted Plaintiff to "occasional" interactions with supervisors and coworkers but omitted the specific recommendation that Plaintiff's interactions be "superficial" or for her to work in a "solitude environment." Acknowledging that "Dr. Warren's opinion was not adopted verbatim," ALJ Adkins nonetheless maintained that the "spirit of her opinion is reflected in the [RFC]." *Id*. at 67.

This explanation is both inadequate and inaccurate. Contrary to ALJ Adkins' opinion, the work-related limitation of "superficial interaction" recommended by Dr. Warren is a distinct limitation from the "occasional interaction" limitation incorporated in Plaintiff's RFC. Indeed, courts have routinely recognized the distinction between limiting the *quantity* of time spent with an individual with the limitation relating to the *quality* of the interactions—including a limitation to "superficial" interaction. *See*, *e.g., Corey v. Comm'r Soc. Sec.*, No. 2:18-cv-1219, 2019 WL 3226945, at *4 (S.D. Ohio July 17, 2019) (Vascura, M.J.) ("[R]eversal is warranted because the ALJ assigned significant weight to [the medical] opinions, but failed to include limitations for 'superficial' interactions."); *Lindsey v. Comm'r of Soc. Sec.*, No. 2:18-CV-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) (Vascura, M.J.), *report and recommendation adopted*, No. 2:18-

CV-018, 2019 WL 133177 (S.D. Ohio Jan. 8, 2019) (Sargus, D.J.) ("'Occasional contact' goes to the *quantity* of time spent with [ ] individuals, whereas 'superficial contact' goes to the *quality* of the interactions." (emphasis added)) (quoting *Hurley v. Berryhill*, No. 1:17-cv-421-TLS, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018)).

Simply put, ALJ Adkins' position that he accommodated the "spirit" of Dr. Warren's opinion that Plaintiff be limited to superficial interaction or work in a solitude environment by limiting her to occasional interactions with supervisors and coworkers is unavailing. *See Hurley*, 2018 WL 4214523, at *4 (holding that "occasional" and "superficial" are not interchangeable terms and finding that the ALJ erred in making no attempt to explain the basis of his decision to limit the plaintiff to occasional rather than superficial interactions) (internal citation omitted). While an ALJ is under no obligation to mirror a medical opinion verbatim, he does have an obligation to "meaningfully explain why certain limitations are not included in the RFC determination, especially when such limitations are set forth in opinions the ALJ weighs favorably." *Ryan*, 307 F. Supp. 3d at 803; *see also*, *Queen v. Comm'r of Soc. Sec.*, No. 2:16-cv-1082, 2017 WL 6523296, at *9–10 (S.D. Ohio Dec. 21, 2017) (Preston Deavers, M.J.) (remanding where the ALJ "failed to include at least one limitation" from an opinion he had assigned great weight without explaining the omission). Furthermore, by failing to explain why certain limitations were not incorporated into the RFC, an ALJ prevents the reviewing court from conducting a meaningful review to determine whether substantial evidence supports his decision. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor,

7

on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11-cv-95, 2012 WL 1142480, at *8 (N.D. Ohio April 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the court was "unable to trace the path of the ALJ's reasoning").

In short, remand is warranted in this case because ALJ Adkins assigned great weight to Dr. Warren's opinion but failed to include limitations for "superficial interactions" or a "solitude environment." Moreover, the ALJ failed to offer an adequate explanation for why he declined to include these limitations.

Accordingly, for the above reasons, Plaintiff's Statement of Errors is well taken.[2]

**B.     Remand**

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

---

[2] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to have this case remanded to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ is directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her applications for Disability Insurance Benefits and Supplemental Security Income should be granted.

**IT IS THEREFORE ORDERED THAT:**

1. The Commissioner's non-disability finding is vacated;

2. No finding is made as to whether Plaintiff, Danele D. Johnson was under a "disability" within the meaning of the Social Security Act;

3. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

4. The case is terminated on the Court's docket.

November 8, 2021                                                       *s/Peter B. Silvain, Jr.*
                                                                       Peter B. Silvain, Jr.
                                                                       United States Magistrate Judge